UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RUSSELL POLSON,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Case No. 1:07-CV-698
(Criminal Case No. 1:06-CR-28)

HON. GORDON J. QUIST

## OPINION

### I.  Introduction

The Court has before it Russell Polson's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Upon due consideration of the full record in this case, the Court will grant Petitioner's motion in part.

### II.  Procedural History

On May 23, 2006, Petitioner pled guilty pursuant to a plea agreement to possession with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).  At the plea hearing, the government confirmed that Petitioner retained his right to appeal his sentence. (Plea Tr. at 9.)  A presentence examiner subsequently prepared a presentence investigation report ("PSR"), which recommended a base offense level of 32 with no reductions for acceptance of responsibility.  Petitioner and his counsel objected to the PSR, arguing that Petitioner should receive credit for acceptance of responsibility and should be sentenced below the statutory minimum period of incarceration.  On September 18, 2006, the Court sentenced Petitioner.[1]  In so

---

[1] Petitioner's case had been assigned to Senior Judge Lesley Wells of the Northern District of Ohio, pursuant to Administrative Order 05-108.

doing, the Court granted Petitioner a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, resulting in a guideline range of 87-108 months, yet sentenced Petitioner to the statutory minimum of 120 months imprisonment and five years supervised release. The Court found that Petitioner did not qualify for sentencing below the statutory minimum under U.S.S.G. § 5C1.2. During sentencing, the Court reinformed Petitioner that he held certain appellate rights and that he should consult with his counsel about the possibility of an appeal, especially given the limited filing period. (Sen. Tr. at 23.) Petitioner and his counsel spoke with one another about an appeal immediately after sentencing. (Pet'r Reply Br. at 2; Houghtaling Aff. at 2, Gov't Resp. Attach. 1.) However, the extent of that conversation is in dispute. Petitioner claims that he instructed counsel to file an appeal; counsel, conversely, denies that Petitioner requested an appeal at that or any other time during the appeal period. (*Id.*) On September 21, 2006, counsel sent Petitioner the appeal packet but notified him in writing that counsel foresaw no viable issues for appeal. (Houghtaling Letter at 2, Gov't Resp. Attach. 2.) Among the reasons for counsel's advice was his incorrect belief that Petitioner had waived his right to an appeal. (*Id.*) The appeal period expired on October 2, 2006.

Petitioner filed an untimely pro se notice of appeal on October 12, 2006. The United States Court of Appeals for the Sixth Circuit directed Petitioner to show cause why his untimely appeal should not be dismissed. On January 9, 2007, Petitioner, through his counsel, filed a motion to extend the time to file an appeal. In that motion, counsel stated that he had discussed the possibility of an appeal with Petitioner in person and in writing, that at no time before Petitioner's October 12, 2006, notice of appeal did Petitioner inform counsel of his desire to appeal, and that Petitioner believed his failure to file a timely appeal was the result of excusable neglect or good cause. The Court denied Petitioner's motion pursuant to Fed. R. App. P. 4(b). On March 9, 2007, the Sixth Circuit dismissed Petitioner's appeal *sua sponte* as late. *United States v. Polson*, No. 06-2361 (6th

Cir. 2007). On July 23, 2007, Petitioner timely filed this § 2255 motion claiming that trial counsel was ineffective for: (1) failing to make a relevant objection during sentencing; and (2) failing to file an appeal after having been instructed to do so. The government filed a response pursuant to the Court's order, and Petitioner thereafter filed a reply. After reviewing the record and the parties' briefs, the Court entered an order setting an evidentiary hearing and appointing the federal public defender to represent Petitioner during his post-conviction proceedings. That hearing took place on June 19, 2008, and covered the issues of whether counsel properly consulted with Petitioner about an appeal, and whether Petitioner directed counsel to file an appeal. Following the hearing, Petitioner and the government filed additional briefs.

### III. Ineffective Assistance of Counsel

Petitioner cannot establish ineffective assistance of counsel unless he can show two things. First, Petitioner must establish deficient performance by counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). This requires counsel to make errors so serious that he was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. *Id.*, 104 S. Ct. At 2064. Second, Petitioner must show that counsel's deficient performance prejudiced Petitioner. *Id.* To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068. If Petitioner cannot prove both deficiency and prejudice, his ineffective assistance claim fails. *Id.* at 697, 104 S. Ct. at 2069.

### *A. Acceptance of Responsibility*

Petitioner first claims that counsel was ineffective for failing to object after the government did not suggest that Petitioner receive a three-point reduction in his offense level for acceptance of

responsibility under U.S.S.G. § 3E1.1. Prior to sentencing, Petitioner and his counsel made a written objection to the PSR, arguing that Petitioner should receive credit for acceptance of responsibility. (Pet'r Sen. Mem. at 2.) Likewise, at sentencing, the Court granted Petitioner a three-point reduction in his base offense level for acceptance of responsibility. Thus, Petitioner actually received the benefit he now claims he was denied as a result of counsel's performance. As a result, Petitioner's first claim is flatly without merit.

### B. Failure to Appeal

Next, Petitioner claims that counsel was ineffective for failing to file a notice of appeal after Petitioner requested he do so. The Supreme Court announced in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029 (2000), that the test for assessing ineffective assistance of counsel for failure to file a notice of appeal is the familiar two-pronged "deficiency" and "prejudice" inquiry of *Strickland*. *Id.* at 477, 120 S. Ct. at 1034.

In *Flores-Ortega*, the Court held that it is professionally unreasonable for counsel to fail to file an appeal after a defendant specifically instructs counsel to do so. *Id.* at 477, 120 S. Ct. at 1035. But, the Court rejected a per se rule that counsel must always file an appeal unless specifically instructed otherwise. *Id.* at 478, 120 S. Ct. at 1035. Instead, where a defendant has neither instructed counsel to file an appeal nor instructed him not to file an appeal, a court must first determine whether counsel "consulted" with the defendant about an appeal. *Id.* Counsel properly consults when he "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Id.* If counsel does so, he "performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal." *Id.* (emphasis added). Should counsel fail to follow the defendant's express instructions to appeal, the court presumes prejudice to the defendant,

4

without regard to the probability of success on appeal. *Deitz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004).

If, however, counsel fails to consult with the defendant, his performance will be deemed deficient only when counsel has reason to think either: "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds to appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480, 120 S. Ct. at 1036. Moreover, "[t]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, *he would have timely appealed*." *Id.* at 484, 120 S. Ct. at 1038 (emphasis added).

In this case, the parties dispute whether Petitioner specifically instructed his counsel to file an appeal. Petitioner alleges that immediately following sentencing, he told counsel that he "wanted to appeal." (Pet'r Reply Br. at 2.) In support, Petitioner offers the non-notarized affidavit of his friend Terrence Walker, who alleges to have overheard Petitioner tell counsel that Petitioner wanted to appeal. (Walker Aff. at 1, Pet'r Reply Br. Attach. 2.) According to Walker, counsel responded to Petitioner's statement by repeatedly telling him there were no issues that would be successful on appeal. (*Id.*) Petitioner and Walker both testified at the hearing. Each testified that after counsel told Petitioner there were no issues for appeal, Petitioner insisted that counsel file an appeal anyway. In contrast, Counsel states that Petitioner never gave instructions to initiate an appeal. (Houghtaling Aff. ¶ 5, Gov't Resp. Attach. 1.) Counsel gave consistent testimony at the hearing.

Counsel's contention that Petitioner never gave instructions to file an appeal is supported in several ways. First, Petitioner's credibility is called into question because his testimony conflicts

5

with that of Walker. Specifically, Petitioner testified that the appeal conversation he had with counsel took place on the plaza outside of the courthouse, yet Walker testified that the conversation took place just outside of the courtroom–inside of the courthouse–near the elevators. Moreover, both Petitioner and Walker testified that a number of individuals, including Petitioner's family members, were present for the discussion between Petitioner and his counsel, yet none of them testified as to the conversation regarding an appeal. These alleged witnesses could have been subpoenaed by Petitioner if they supported Petitioner's version of events. Further, Petitioner's January 9, 2007, motion to extend the time to file an appeal repeatedly stressed that at no time did Petitioner request counsel to file an appeal. (Pet'r Mot. To Extend ¶¶ 4, 6.) Thus, nearly four months after sentencing, Petitioner admitted that he had not conveyed to counsel a request to appeal. For these reasons, the Court credits counsel's sworn affidavit and testimony and finds that Petitioner did not specifically instruct counsel to file an appeal.

The parties also dispute whether counsel properly consulted Petitioner about an appeal, as dictated by *Flores-Ortega*. As an initial matter, the post-sentence exchange between Petitioner and counsel did not constitute sufficient consultation about an appeal. *See Valletto v. United States*, 195 F. Supp.2d 643, 645 (D.N.J. 2002) (where counsel responded to petitioner's request to "put in an appeal for me" by expressing belief in the weakness of the appealable issues, no consultation took place within the meaning of *Flores-Ortega*). Nor did counsel's September 21, 2006, letter amount to consultation about an appeal, because it was premised on the incorrect statement that Petitioner had waived his right to an appeal. The letter states in pertinent part:

> *Given that you had waived the request for an appeal, I do not feel that you would be successful with filing this and I am aware of no issues that would warrant an appeal.* The Court imposed a sentence at the statutory minimum and also for the statutory minimum for the supervised release. Given these decisions, I do not anticipate that you would be successful in being able to reduce the charge in any way through the Court of Appeals.

(Houghtaling Letter at 2, Gov't Resp. Attach. 2 (emphasis added).) Petitioner testified that he attempted but failed to contact counsel after receiving the letter on three separate occasions. Counsel testified that he initiated a telephone conversation with Petitioner sometime after sending the letter, but during that brief call Petitioner told counsel that he no longer wish to speak to him. Regardless, Petitioner was not informed of counsel's erroneous advice before the time for filing an appeal expired. Logically, an attorney cannot properly consult a defendant about the advantages and disadvantages of taking an appeal where that attorney's advice is predicated on the wrong belief that the defendant has waived his right to an appeal. Accordingly, counsel in this matter failed to consult with Petitioner regarding an appeal.

Counsel, however, had a duty to consult with Petitioner about an appeal. As instructed by *Flores-Ortega*, counsel's failure to consult must be deemed deficient performance if there are nonfrivolous grounds to appeal or Petitioner reasonably demonstrated an interest in appealing. *Flores-Ortega*, 528 U.S. at 480, 120 S. Ct. at 1036. Here, the safety valve argument rejected at sentencing is a non-frivolous issue cognizable on appeal. Thus, Petitioner has established deficient performance by counsel.

Lastly, Petitioner was prejudiced by counsel's deficient performance. As previously noted, prejudice can shown by demonstrating that but for counsel's failure to consult, Petitioner would have timely appealed. *Id.* at 484, 120 S. Ct. at 1038. In this case, Petitioner filed a notice of appeal beyond the initial deadline but during the time within which he could have moved for an extension.[2] This filing was made, however, even after counsel incorrectly informed Petitioner that he had waived his right to appeal. Had Petitioner been afforded proper consultation about an appeal, there

---

[2]Although not raised by Petitioner as a ground for relief, it is disquieting that counsel was admittedly made aware of Petitioner's self-filed notice of appeal, yet counsel waited nearly three months to file Petitioner's motion to extend.

7

is a reasonable probability that he would have filed a timely notice. In sum, Petitioner is entitled to relief on this claim due to the ineffective assistance of counsel.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's failure to object during sentencing claim under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's acceptance of responsibility claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability with regard to that claim.

## V. Conclusion

Where counsel's failure to perfect an appeal amounts to ineffective assistance, the Court must "'grant the petitioner's motion, vacate the sentence imposed, and resentence petitioner on the original conviction in order to start the time for appeal running again.'" *Johnson v. United States*, 146 F. App'x 4, 5 (6th Cir. 2005) (quoting *Rosinski v. United States*, 459 F.2d 59 (6th Cir. 1972) (per curiam)). Accordingly, Petitioner's § 2255 motion (Docket No. 1) will be GRANTED as to

counsel's failure to file a notice of appeal, Petitioner's sentence will be VACATED, and the Court will resentence Petitioner.

Petitioner's § 2255 motion will be DENIED as to counsel's failure to object during sentencing, and a certificate of appealability will be denied on that claim.

A separate order will issue.


Dated: July 15, 2008 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE